UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH HAMILTON,

    Plaintiff,

v.

BLAKE WOODS, ALFONSO DAVID,
TAMMY PITTAYATHIKHAN, K. SEIP,
JEFFREY DENNISON, DEBBIE KNAUER,
NURSE TERRY, and KAREN SMOOT,

    Defendants.

Case No. 18-cv-172-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 49) of Magistrate Judge Gilbert C. Sison recommending that the Court grant the motion for summary judgment filed by defendants Alfonso David and Tammy Pittayathikhan (Doc. 38) and dismiss plaintiff Kenneth Hamilton's claims against them for failure to exhaust administrative remedies. Hamilton has objected to the Report (Doc. 50).

**I.    Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Report and Objections**

This case arose after Hamilton, an inmate housed at the Shawnee Correctional Center

("Shawnee"), became dissatisfied with the treatment Dr. David and Nurse Practitioner Pittayathikhan provided for his foot problems. David and Pittayathikhan ask the Court to dismiss Hamilton's claims against them because he failed to exhaust his administrative remedies. Specifically, they argue that his grievances did not complain about David and the grievances about Pittayathikhan were not exhausted.

A.  Defendant David

In the Report, Magistrate Judge Sison reviewed the arguably relevant grievances Hamilton filed and found that none mentioned or described David sufficiently to put David or the institution on notice that Hamilton was complaining about the treatment David provided for Hamilton's foot. Hamilton objects, arguing that David was mentioned in an earlier missing grievance and that he was mentioned throughout the "entire claim."

In order to exhaust administrative remedies, an inmate must follow all the rules governing filing and prosecution of a claim. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Illinois Administrative Code requires a grievant to state "the name of each person who is the subject of or who is otherwise involved in the complaint" or, if the inmate does not know the name, "as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(c). The purpose of this requirement is to "alert[] the state and invit[e] corrective action." *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

The Court has reviewed all of the relevant grievances and does not find David's name, description, or any reference to any treatment he provided to Hamilton that would have put the institution on notice that Hamilton believed David did anything wrong. Instead, Hamilton's grievances specifically named other health care providers he believed treated him inadequately, and associated his medical complaints with those specific named providers. This left nothing

from which the institution could infer another provider was involved. Because Hamilton did not include David in his grievances by name, description, or by reference, he has not exhausted his administrative remedies with respect to David.

To the extent Hamilton believes David, as the head doctor at Shawnee, is responsible for the conduct of those who serve under him, he is wrong. The doctrine of *respondeat superior* cannot be used to impose liability under 42 U.S.C. § 1983 on a supervisor for a subordinate's unconstitutional actions. *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). Thus, a grievance about David's subordinates' conduct would not have alerted the prison of a complaint about David.

      B.      <u>Defendant Pittayathikhan</u>

In the Report, Magistrate Judge Sison found that Hamilton failed to appeal the emergency grievances that complained of Pittayathikhan's treatment (grievances dated June 20 and October 16, 2017). In both of those situations, the Chief Administrative Officer ("CAO") of Shawnee declined to consider the grievance on an emergency basis and informed Hamilton he could refile it as a normal grievance. Instead Hamilton appealed directly to the Administrative Review Board ("ARB"), which rejected both appeals because the issue had not been reviewed at the prison level. Magistrate Judge Sison implicitly held that in order to exhaust a putative emergency grievance that the CAO declined to treat as an emergency, the inmate must refile it as a normal grievance and exhaust those remedies. Hamilton objects, stating that nothing in the Illinois Administrative Code prevents him from appealing to the CAO's decision not to treat a grievance as an emergency.

Magistrate Judge Sison is correct. After the 2017 changes to the prison grievance regulations, in order to exhaust administrative remedies, the inmate must use the "available"

avenue of pursuing a rejected emergency grievance as a normal grievance. *Smith v. Asselmeier*, 762 F. App'x 342, 344 (7th Cir. 2019) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). As long as that avenue is available to him and he has not taken it, he has not exhausted his remedies. *Id.* Thus, Hamilton failed to exhaust his available remedies by failing to refile his putative emergency grievances as a normal grievance.

In the Report, Magistrate Judge Sison further found that Hamilton's August 23, 2017, grievance, which resubmitted his May 9, 2017, grievance, did not exhaust Hamilton's remedies. He noted that, although Hamilton filed an appeal of an adverse CAO response with the ARB on November 28, 2017, he did so more than 30 days after the CAO's September 25, 2017, decision. The ARB rejected it as untimely. Magistrate Judge Sison rejected Hamilton's position that he did not receive the CAO's decision within 30 days due to his October 26, 2017, transfer to Centralia Correctional Center ("Centralia"). Magistrate Judge Sison noted that Hamilton's transfer did not occur until after the 30-day appeal deadline, so the transfer could not have caused any delay in his receiving the decision. Hamilton insists he did not receive the CAO's response until he had arrived at Centralia.

As noted above, in order to exhaust administrative remedies, an inmate must follow all the rules governing filing and prosecution of a claim, including time limits. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If the state rejects a filing as too late, then the inmate has not properly invoked his administrative remedies. *Id.* The ARB rejected Hamilton's appeal as untimely, so he had not exhausted his remedies.

This raises the question, though, whether an appeal was actually available to Hamilton if he was prevented from filing it in a timely manner by the delay in receiving the CAO's response. He could not have appealed within 30 days if he did not receive the CAO's decision within 30

4

days. Pittayathikhan did not address Hamilton's contention that he did not receive the response until he reached Centralia, which was more than 30 days after the CAO's decision. Pittayathikhan has therefore failed to establish that there was a remedy available to Hamilton that he failed to exhaust. For this reason, the Court will reject this portion of the Report and will allow Hamilton's claim against Pittayathikhan to move forward.

**III. Conclusion**

Accordingly, the Court hereby:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 49);

- **SUSTAINS in part** and **OVERRULES in part** Hamilton's objections (Doc. 50);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment asserting the failure to exhaust administrative remedies (Doc. 38). The Court **GRANTS** the motion as to defendant David and **DISMISSES without prejudice** all claims in this case against David for failure to exhaust administrative remedies. David is terminated from this case. The Court **DENIES** the motion as to defendant Pittayathikhan; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: November 26, 2019**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**