UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:18-cv-00172-GCS |
| ) | |
| TAMMY PITTAYATHIKHAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Kenneth Hamilton alleges that Defendant Tammy Pittayathikhan was deliberately indifferent to his serious medical needs related to a foot infection that he had while incarcerated at Shawnee Correctional Center. Now before the Court is Defendant's motion for summary judgment on the merits of Hamilton's claim. (Doc. 70). Along with her motion, Defendant filed a notice explaining to Plaintiff the potential consequences of failing to respond to the motion. (Doc. 72). The deadline for Plaintiff's response has come and gone, and he has not responded to Defendant's motion. Accordingly, for the reasons delineated below, the Court **GRANTS** Defendant's motion.

### FACTUAL BACKGROUND

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here.

At all times relevant to his complaint, Plaintiff Kenneth Hamilton was incarcerated at Shawnee Correctional Center ("Shawnee"), and Defendant Tammy Pittayathikhan was a nurse practitioner employed by Wexford Health Sources, Inc. and assigned to work at Shawnee. Before Hamilton was seen by Defendant, he was diagnosed with diabetes and high blood pressure, and he received medical treatment for both conditions.

Hamilton first saw Defendant on December 15, 2016, at the chronic care clinic for hypertension, high cholesterol, and diabetes. At that time, Hamilton had been receiving treatment for a fungal foot infection. Pittayathikhan examined Hamilton's feet, confirmed the presence of the fungal infection, and adjusted his anti-fungal ointment orders. She also directed that he be placed on the foot care line for nail trimmings and ordered a follow-up appointment in one week.

Pittayathikhan kept that follow-up appointment and continued to see Hamilton regularly for follow-up care during 11 appointments between December 2016 and his transfer to a different correctional facility on October 25, 2017. During the course of their many appointments, Pittayathikhan examined Hamilton's feet and adjusted his treatment plan and medications as needed to address his discomfort and infection issues, and his condition eventually improved. Nonetheless, Plaintiff alleges that Pittayathikhan was deliberately indifferent to his foot infection and associated pain because she failed to adequately monitor his prescriptions and to treat his infection.

## ANALYSIS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute

as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe,* 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge for constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The first consideration is whether the prisoner has an "objectively serious medical condition." *Id.* at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015)(citing *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). It is not necessary for such a

medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994)(violating the Eighth Amendment requires "deliberate indifference to a *substantial* risk of *serious* harm")(internal quotation marks omitted) (emphasis added).

The second consideration requires a prisoner to show that a prison official has subjective knowledge of – and then disregards – an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653. A plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles*, 771 F.3d at 409. *See also Hammond*, 123 F. Supp. 3d at 1086 (stating that "isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference."). Deliberate indifference involves "intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)(citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)).

Here, even if the Court accepts that Hamilton had a serious medical need, there is no evidence to suggest that Defendant was deliberately indifferent to his foot infection. She regularly examined Hamilton's feet and monitored the progression of his infection over the 11-month period between the diagnosis of a fungal infection and Hamilton's transfer to a different correctional institution. When the course of treatment appeared to

be less effective, Defendant made necessary adjustments to the treatment plan, and she regularly followed up with Plaintiff to monitor his condition. As such, the Court finds that it is appropriate to treat Hamilton's failure to respond to Defendant's motion as an admission of the merits of her motion and to grant summary judgment in favor of Defendant.

## CONCLUSION

For the above-stated reasons, Defendant's motion for summary judgment is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendant Tammy Pittayathikhan and against Defendant Kenneth Hamilton and shall close this case.

**IT IS SO ORDERED.**

Dated:  August 27, 2020.

Digitally signed by Judge Sison 2
Date: 2020.08.27 12:40:48 -05'00'

GILBERT C. SISON
United States Magistrate Judge